# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LORENZO EDWARD LEE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV423-231 |
| POOLER, GEORGIA, POLICE DEPARTMENT, | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Lorenzo Edward Lee has filed this case asserting claims arising from his 2023 arrest in Pooler, Georgia. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*, doc. 3, and he returned the required forms, docs. 4 & 5. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (discussing a Rule 12(b)(6) dismissal). As Lee is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Lee's allegations are straightforward. He alleges that he was subjected to a traffic stop by a Garden City, Georgia police officer on June 17, 2023. *See* doc. 1 at 5. The officer informed Lee that he was being detained at the stop because there were warrants for his arrest. *Id*. He was arrested, it is unclear whether by Garden City or Pooler police, and his vehicle was searched. *Id*. Drugs and drug paraphernalia were discovered. *Id*. He was Mirandized and arrested for the drugs and traffic violations. *Id*. He was taken to Chatham County Jail and has been incarcerated there since his arrest. *Id*. He was brought before a judge, it is not clear where, and his state prosecution remains pending. *Id*. He seeks monetary damages and "all charges drop[ped and his] probation reinstated." *Id*. at 6.

First, the only defendant that Lee clearly names is not proper. He clearly names the Pooler Police Department. *See* doc. 1 at 1, 4. Police departments are not legal entities subject to suit. *See, e.g., McClendon v.*

*Taylor*, 2022 WL 1143298, at *2 (S.D. Ga. Apr. 18, 2022) (citing, *inter alia, Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)).  The Pooler Police Department should, therefore, be **DISMISSED**.

Lee also names an individual officer, although the identification is somewhat ambiguous.  *See* doc. 1 at 4.  The officer, identified only as "Gancarcik," is never mentioned in the Complaint's factual allegations.  *See id.* at 4, 5.  Even charitably construing the Complaint to name the officer as a defendant, however, it fails to state any claim against him.  Lee refers, vaguely, to several constitutional rights he contends are implicated by the events alleged, including "unreasonable search [and] seizure . . .[,] unlawful detainment by imprisonment, cruel [and] unusual punishment[, and] mental cruelty."  *Id.* at 5.  There are simply no factual allegations that implicate any Eighth Amendment, *i.e.* "cruel and unusual punishment," claim.  The remaining claims fail for the reasons discussed below.

The allegations concerning the traffic stop and detention implicate both false arrest and malicious prosecution claims.  Both "false arrest" and "malicious prosecution" are recognized claims, under 42 U.S.C.

3

§ 1983, for distinct violations of the Fourth Amendment. *See, e.g., Williams v. Aguirre*, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[F]alse imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389. At that point, a plaintiff's claim is one for malicious prosecution. *Id.* at 390. Lee does not allege any impropriety in the traffic stop itself and, once the officer discovered the warrants, any claim he might assert is for malicious prosecution, not false arrest. *See, e.g., Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one . . . –constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."); *see also, e.g., Williams*, 965 F.3d at 1158. He,

4

therefore, does not sufficiently allege any false arrest or false imprisonment claim.

"[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[S]eizures following an arraignment, indictment, or probable-cause hearing," give rise to malicious prosecution claims. *Williams*, 965 F.3d at 1158 (citation omitted). In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted). A

5

malicious prosecution claim does not accrue until the favorable termination occurs. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Since it appears that Lee's prosecution remains pending, he does not, and indeed could not, allege any favorable termination. Any malicious prosecution claim arising from the alleged events, therefore, fails.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend IV. As this Court has explained, "[a] valid Fourth Amendment claim for an unreasonable search has three elements." *Mundy v. Hambright*, 2014 WL 2895475, at *5 (S.D. Ga. June 24, 2014).

> First, the complainant must show that a state actor plausibly infringed on an expectation of privacy that society is prepared to consider reasonable. [Cit.] Second, courts must determine whether the alleged search conducted was reasonable, which depends on the context within which a search takes place. [Cit.] This inquiry requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion. [Cit.] Third, the

6

>complaint must allege a causal connection between the defendant's actions and the constitutional deprivation.

*Id.* (internal quotation marks, alterations, and citations omitted).

Lee's allegations are inconsistent with a viable Fourth Amendment claim because they show the search of his car was reasonable. First, it is well-established that searches conducted without a judicial warrant "are *per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). It is equally well-established, however, that officers who lawfully stop a motor vehicle may conduct a warrantless search of that vehicle where they have probable cause to believe that it contains evidence of criminal activity. *Carroll v. United States*, 267 U.S. 132, 153 (1925). Moreover, when police impound a vehicle after arresting its operator, they may search that vehicle, without a warrant, "to protect an owner's property while it is in the custody of police, to insure against claims or lost, stolen, or vandalized property, and to guard the police from danger." *Colorado v. Bertine*, 479 U.S. 367, 372 (1987). Since Lee's allegations indicate, even if they do not conclusively establish, that either recognized exception might have justified the search at issue, he has not sufficiently

7

alleged that that search was unreasonable. His Fourth Amendment claim, therefore, fails.

Finally, Lee's request that the charges pending against him be dropped seeks relief that is not available. First, this Court is not empowered to intervene in state criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971); *see also, e.g., Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). Second, immediate or speedier release from incarceration is relief that is simply not available under § 1983. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement . . . ."); *Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prison who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

Although the Court can discern no viable federal claim against Defendant Gancarcik, and it is skeptical that any such claim could be asserted, Lee is entitled to an opportunity to amend before the Court recommends dismissal. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709,

711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the actin."). Accordingly, Lee is **DIRECTED** to submit an Amended Complaint clarifying his allegations against Defendant Gancarcik by no later than September 29, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Lee is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Lee is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b). Although Lee will have an opportunity to amend his claims against Gancarcik, any amendment of his claims against Pooler Police Department would be futile. The Pooler Police Department should, therefore, be **DISMISSED**. *See Jenkins*, 620

F. App'x 711 ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Lee had average monthly deposits of $37.50. *See* doc. 5 at 1. He, therefore, owes an initial partial filing fee of $7.50. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due

from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[1] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 8th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA