# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LORENZO EDWARD LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-231 |
| ) | |
| OFFICER GANCARCIK, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Lorenzo Edward Lee has filed this case asserting claims arising from his 2023 arrest in Pooler, Georgia. *See* doc. 1 at 5. The Court screened his Complaint pursuant to 28 U.S.C. § 1915A, recommended dismissal of an improper defendant and directed him to amend his Complaint. *See generally* doc. 6. He complied. *See* doc. 7. When Lee did not timely object, the District Judge adopted the Report and Recommendations and dismissed the Pooler, Georgia Police Department. *See* doc. 9. The Court, therefore, proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't*

*of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Lee is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Lee alleges that he was subjected to a traffic stop by a Garden City, Georgia police officer on June 17, 2023. *See* doc. 7 at 4. The Garden City officer "m[i]randize[d] [him] for the drug [and] traffic violation." *Id.* He was detained at Chatham County Jail. *Id.* While there, defendant Gancarcik presented him with a "subpoena." *Id.* The Court infers that the subpoena involved charges of theft by shoplifting. *See, e.g., id.* at 11-12. Lee objects that Gancarcik did not "read [him his] rights, present [him] with any warrant or finger print [him]," and those failures violated

his right to "due process." *Id.* at 5. He seeks "monetary compensation," in an unspecified amount. *Id.*

Although the exact legal theory that Lee asserts is not entirely clear, his allegations of procedural defects in his prosecution and probation revocation appear most properly construed as asserting malicious prosecution claims. "[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[S]eizures following an arraignment, indictment, or probable-cause hearing," give rise to malicious prosecution claims. *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted). Courts have also held that "probation revocation proceedings can qualify as part of a 'criminal prosecution' for the purposes of" a § 1983 malicious prosecution claim. *Arnold on behalf of Arnold v. City of Hampton*, 2023 WL 3243913, at *25 (N.D. Ga. Mar. 16, 2023) (citation omitted). In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks

omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted). A malicious prosecution claim does not accrue until the favorable termination occurs. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Since it appears that Lee's prosecution and probation revocation remain pending, *see, e.g.,* doc. 7 at 12 (state court hearing scheduled for October 23, 2023), he does not, and indeed could not, allege any favorable termination. Any malicious prosecution claim arising from the alleged events, therefore, fails.

Moreover, to the extent that Lee asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal

proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege the same constitutional and procedural violations at issue here in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, these are arguments for the state court. *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). Any

claim regarding procedural defects in his criminal proceedings must, therefore, be **DISMISSED**.

Since Lee's Amended Complaint fails to state any claim upon which relief can be granted, it should be **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 6th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA