UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LORENZO EDWARD LEE,            )
                               )
    Plaintiff,                 )
                               )
v.                             )        CV423-231
                               )
OFFICER GANCARCIK,             )
                               )
    Defendant.                 )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 10, to which objections have been filed, doc. 11. For the reasons explained below, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Doc. 10.

The Magistrate Judge explained that Lee's Complaint alleges unspecified violations of "due process," in an ongoing state court prosecution. *See* doc. 10 at 2-3. The Magistrate Judge construed his claims as asserting a § 1983 malicious prosecution claim and noted that such a claim does not accrue until the criminal proceedings terminate in plaintiff's favor. *Id.* at 4 (citing *Heck v. Humphrey*, 512 U.S. 477, 489-90

(1994)). He also explained that this Court should abstain from hearing the case to avoid interfering with the state process. *Id.* 4-5 (citing *Younger v. Harris*, 401 U.S. 37, 53 (1971)). The Magistrate Judge recommended the Complaint be dismissed, either because Lee did not allege the favorable termination element of his claim or on abstention grounds. *Id.* at 6.

Lee's Objection does not dispute the Magistrate Judge's construction of his claims or dispute the analysis. *See* doc. 11. He first inquires whether "relief can be granted in a monetary amount set by the court for the failure of rendering due process." *Id.* at 1. He also requested a "90 day extension" of an unspecified deadline to seek representation. *See id.* Ninety days have passed since Lee filed his Objection and counsel has not appeared. To the extent that he objects to the Magistrate Judge's analysis at all, he reiterates that he was not informed of his rights, provided with a copy of the warrant for his arrest, or finger printed. *Id.* Those allegations do little to clarify the nature of his claim. Regardless, "an allegation that officers failed to follow Miranda procedures is insufficient to assert a violation of a constitutional right in order to state a cause of action under § 1983."

2

*Parris v. Taft*, 630 F. App'x 895, 901 (11th Cir. 2015) (internal quotation marks and citation omitted). The Court can discern no way in which a failure to provide an arrestee with a physical copy of an arrest warrant, *see, e.g., Richardson v. Kimbrough*, 2017 WL 6311511, at *2 (D.N.J. Dec. 8, 2017) ("The Court's research revealed no support for [plaintiff's] theory that an improper arrest claim under § 1983 may be based on the mere failure to show the arrest warrant at the time of execution," and collecting cases), or failure to finger print an arrestee, *see, e.g., Panfil v. City of Chicago*, 45 F. App'x 528, 535 (7th Cir. 2002) (finding that amendment to allege claim based on failure to fingerprint arrestee would be futile because "precedent makes clear that . . . a program [of immediate fingerprint comparisons for arrestees] is not constitutionally required."), violates any constitutional right.

Accordingly, after a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation. Doc. 10. Lee's Objection identifies no defect in the Magistrate Judge's conclusion that his Complaint, construed as asserting a § 1983 malicious prosecution claim, fails to state a claim upon which relief can be granted. The Report and Recommendation of the Magistrate Judge

3

is, therefore, **ADOPTED** as the opinion of the Court. Doc. 10. Plaintiff's Complaint is **DISMISSED**. Doc. 1. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this \_\_15\_\_ day of March, 2024.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA